UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky
Frankfort Division

| | |
|---|---|
| Wanda Watts )<br>    *Plaintiff* )<br>                )<br>v.                       )<br>                )<br>Weltman, Weinberg & Reis, Co., L.P.A. )<br>    *Defendant* )<br>                )<br>    Serve: )<br>        National Registered Agents, Inc. )<br>        400 West Market Street )<br>        Suite 1800 )<br>        Louisville, KY 40202 )<br>                ) | Case No. |

**CLASS ACTION COMPLAINT and**
**DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.     This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**PARTIES**

2.     This action is brought by Plaintiff on behalf of herself, and all others similarly situated, whose joinder in this action is impracticable due to the number of plaintiffs and the size of their claim.

3.     Plaintiff, Wanda Watts, is a natural person residing in Henry County, Kentucky.

4.     Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("WWR"), is a limited partnership and the assumed name Weltman, Weinberg & Reis Co., P.S.C. as registered with the Kentucky Secretary of State to do business in the Commonwealth. WWR's principal place of business is located at 323 W. Lakeside Avenue, Suite 200, Cleveland, OH 44113.

## JURISDICTION

5.  Jurisdiction is proper in the Federal District Court in the Eastern District of Kentucky. This case is based solely on a federal question as defined by 28 U.S.C. § 1331, namely application and interpretation of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq.*

6.  Jurisdiction is proper in this Court under 15 U.S.C. § 1692k(d). Plaintiff and others similarly situated to her reside in Kentucky and Defendant undertakes its collection business activity in the Commonwealth of Kentucky.

## BACKGROUND

7.  Plaintiff, Wanda Watts, is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.  WWR's practice consists primarily of the collection of debts owed to others and incurred for personal, family or household purposes.

9.  WWR engages in the collection of consumer "debt" as defined by the FDCPA. 15 U.S.C. § 1692a(5).

10. Defendant, Weltman, Weinberg & Reis Co., L.P.A., is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

11. Ms. Watts applied for and received a credit card from Discover Bank ("Discover") that was used to obtain credit to purchase goods and services used for personal, family and household purposes, which makes the Discover credit card account a "debt" as defined by the FDCPA. 15 U.S.C. § 1692a(5).

12. In connection with Ms. Watts' credit card account, the Credit Card Agreement for the account, and applicable federal law, Discover prepared and mailed Billing Statements for the account to Ms. Watts.

13. The Billing Statement for August 13, 2011 through September 12, 2011 clearly and plainly shows that Discover imposed **no** Finance Charges during this time period. (A copy of relevant billing statements is attached as Exhibit "A.").

14. The Billing Statement for September 13, 2011 through October 12, 2011 clearly and plainly shows that Discover imposed **no** Finance Charges during this time period.

15. The two above Billing Statements

- Impose no Finance Charges.
- State that the amount of the balance subject to interest is $0.00.
- State that the Outstanding or New Balance on the Account is $6,533.45.

16. On or about October 14, 2011, Defendant acting on behalf of a Discover Bank filed a civil action against Plaintiff in the Henry Circuit Court, Case No. 11-CI-00311. A copy of the Complaint is attached as Exhibit "B."

17. The Complaint against Plaintiff filed by Defendant on behalf of Discover sought to recover damages for an alleged breach of a Credit Card Agreement between Discover and Plaintiff.

18. The Complaint alleges in pertinent part:

> 4. There is currently due and owing from the Defendant [Wanda Watts] to the Plaintiff [Discover Bank] the principal sum of $6533.49, with interest thereon from August 16, 2011 at the rate of 15.990% per annum until paid in full. A copy of the Defendant statement of accounts is attached hereto and marked as Exhibit "B" and incorporated by reference.

19. On December 15, 2011, Discover moved for summary judgment in the Henry County state court case.

20. In its Motion for Summary Judgment, Discover alleged in pertinent part:

> Furthermore, attached and incorporated herein as Exhibit "B" are the account statements at issue in this action. Lastly, attached and incorporated herein as Exhibit "C" is the credit card application. The attached statements and application demonstrate that this Defendant applied and used the account at issue, establishes the payments, credits and charges applied to said account, that Defendant defaulted upon the terms thereon, and finally, the amount due and owing upon this account by this Defendant.

(A copy of the Motion for Summary Judgment is attached as Exhibit "C.").

21. The "account statements" attached as Exhibit "B" to the original Complaint include the Billing Statements for August 13, 2011 through September 12, 2011 and for September 13, 2011 through October 12, 2011.

22. Discover's Motion for Summary Judgment demands:

> WHEREFORE, the Plaintiff respectfully requests Summary Judgment in its behalf for the principal balance of $6,533.49, plus accrued interest through December 14, 2011 in the amount of $343.46, plus interest until paid in full at the rate of 15.99% per annum, plus the court costs incurred herein, and for its reasonable attorney fees herein expended in the amount of $980.02.

## CLASS ALLEGATIONS

23. Plaintiff, Wanda Watts, brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

24. Under the claim for violation of the Fair Debt Collection Practices Act, these persons comprise the following three classes:

Class A:

Class A consist of (a) all consumers in the Commonwealth of Kentucky (b) against whom WWR has brought suit on behalf of Discover (c) in which Discover reduced the interest owed on the account to 0% (d) whereas WWR represented to the consumer that interest was owed, either in a legal filing or other communication with the consumer (e) within the 12 months prior to the date of filing this Complaint and 20 days after the filing of this action.

Class B:

Class B consist of (a) all consumers in the Commonwealth of Kentucky (b) from whom WWR collected interest for a time period in which Discover Bank imposed no interest on the underlying credit card account (c) within the last 12 months prior to the date of filing this Complaint and 20 days after the filing of this action.

Class C:

Class C consist of (a) all consumers in the Commonwealth of Kentucky (b) from whom WWR collected interest for a time period in which Discover Bank imposed no interest on the underlying credit card account (c) within the last 15 years prior to the date of filing this Complaint and 20 days after the filing of this action.

25. This action seeks statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded for violation of the Act.

26 The class so represented by Plaintiff, Wanda Watts, in this action, and of which she herself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

27. Ms. Watts' claims are typical of the claims of the class.

28. There are common questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all class members have the same issue of law in common: whether WWR violated the Fair Debt Collection Practices Act by demanding interest neither permitted by contract or law.

29. There is no known conflict between Ms. Watts and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

30. Wanda Watts is the representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

31. Ms. Watts' attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

32. Ms. Watts' attorneys have successfully represented other claimants in similar litigation.

33. This action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

34. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

35. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

36. The identity of each individual member of the class can be ascertained from the books and records maintained by Defendant.

37. Because many of the persons sued by WWR may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **CLAIMS FOR RELIEF**

### **Violations of the Fair Debt Collection Practices Act**

38. Plaintiff incorporates paragraphs 1-37 above as if fully set forth herein.

39. The above-described actions by Weltman, Weinberg Reis & Co., L.P.A. constitute violations of the Fair Debt Collection Practices Act.

40. Defendant's, WWR, violations of the FDCPA include, but are not limited to, the following:

    (a) Violation of 15 U.S.C. § 1692e(5) by bringing suit and demanding interest on a "debt" without any legal or contractual right to such interest;

    (b) Violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt that is not authorized by agreement or permitted by law, including but not limited to, by demanding interest on a debt that Discover Bank had reduced to 0%; and

    (c) Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the debt upon which it brought suit against Ms. Watts and other class members, including but not to limited to falsely representing the Ms. Watts and other class members were liable for interest that Discover Bank had reduced to 0%.

WHEREFORE, Wherefore, Wanda Watts, requests that the Court grant the following relief in her favor and in favor of the class and against Defendant:

    1. Certify this action as Class Actions and appoint Wanda Watts as representative of the Class and her undersigned attorneys as class counsel;

    2. Enter judgment in favor of the Class and against the Defendant for statutory and actual damages as provided by 15 U.S.C. § 1692k(a)(2);

    3. Award the Class costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a)(3);

    4. A trial by jury; and

    5. Grant such further relief as deemed just.

-7-

      Respectfully submitted,

      *[signature]*

      James R. McKenzie
      Ryan T. Polczynski
      *Pedley & Gordinier, PLLC*
      10600 Timberwood Circle Suite 1
      Louisville, KY 40223
      Tel:    (502) 371-2179
      Fax:   (502) 214-3121
      jmckenzie@pedleylaw.com

      James H. Lawson
      *Lawson at Law, PLLC*
      10600 Timberwood Circle Suite 1
      Louisville, KY 40223
      Tel:    (502) 473-6525
      Fax:   (502) 473-6561
      james@kyclc.com